Luther E. **SKEELS**, Plaintiff-Appellant,

v.

Elliot L. **RICHARDSON**, Secretary, Department of Health, Education and Welfare, Defendant-Appellee.

No. 71–2686

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1972.

Luther E. Skeels, pro se.

R. Jackson B. Smith, Jr., U. S. Atty., William T. Morton, Edmund A. Booth, Jr., Asst. U. S. Attys., Augusta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This action was brought in the district court under 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare denying disability benefits under 42 U.S.C.A. §§ 416(i), 423 as amended, to Luther E. Skeels. The complaint also claimed jurisdiction under 28 U.S.C.A. § 1331 and sought specific performance of

* ▪ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

the "implied contract" between Skeels and the Department of Health, Education and Welfare. The district court granted the government's motion for summary judgment on the ground that the Secretary's ruling was supported by substantial evidence. The court made no mention of the specific performance claim. We affirm.

■ There is no merit to Skeels' contractual theory of Social Security benefits. The Supreme Court specifically rejected such a theory in Flemming v. Nestor, 363 U.S. 603, 609–610, 80 S.Ct. 1367, 4 L.Ed.2d 1435, 1443–1444 (1960).

■■ Skeels' remaining contentions relate to the findings of the hearing examiner. He first contends that the examiner failed to give full weight to his long medical history in Veterans Administration (VA) hospitals. Our review of the record indicates to the contrary. Both the hearing examiner and the district court acknowledged that Skeels is receiving 100% disability from the VA. However, that history when viewed in contrast to more recent medical examinations was determined not to be controlling. The fact that Skeels receives VA benefits is of course a factor to be considered but it is not controlling. *See* Ratliff v. Richardson, 445 F.2d 440 (5th Cir. 1971); Nelms v. Gardner, 386 F.2d 971 (6th Cir. 1967); Gee v. Celebrezze, 355 F.2d 849 (7th Cir. 1966). The resolution of conflicts in the evidence is for the Secretary, not for the federal courts. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971); Ratliff v. Richardson, 445 F.2d 440 (5th Cir. 1971); *see* Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ Skeels' remaining claim is that the hearing examiner should not be permitted to speculate upon "the possibility" that he might be able to perform some menial task as a basis for denying him disability benefits. The hearing examiner examined the medical evidence presented and Skeels' prior and present work record. Upon that basis he found that Skeels is capable of performing "substantial gainful activity." Skeels is presently incarcerated in the Georgia State Prison and is performing as a linen clerk in the prison hospital laundry. His supervisor indicated that he is doing a commendable job in that capacity. The hearing examiner suggested that in addition to linen clerk, Skeels' physical condition would permit him to perform as a cashier in a theater, cafeteria or parking lot. The district court agreed. There is substantial evidence to support these findings. The judgment of the district court is affirmed.