**Norman A. McKAY, Plaintiff,**

v.

**Elliott RICHARDSON, Secretary of the Department of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 3–5732–A.**

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 7, 1973.

Donald V. Yarborough, Yarborough & Hinds, Dallas, Tex., for plaintiff.

Frank McCown, U. S. Atty., Roger J. Allen and Harry Koch, Asst. U. S. Attys., Dallas, Tex., for defendant.

## MEMORANDUM DECISION

ESTES, District Judge.

The plaintiff brings this civil action to review a final decision of the defendant Secretary denying a claim for disability benefits under the Social Security Act, 42 U.S.C. § 416(i) and § 423(d). The jurisdiction of this court is based on 42 U.S.C. § 405(g). There being no genuine issue as to any material fact, both parties have moved for summary judgment in their favor.

The plaintiff's evidence may be summarized as follows: The plaintiff was forty-seven years old when he applied for disability benefits. He has a seventh-grade education and can read and write. He does not own or drive a car. Plaintiff has never acquired any particular skill or vocation. He has not worked at any particular place for more than a year or two other than the period from 1957 to 1962, when he worked as a receiving clerk for Murray Gin Supply. Since that time he has had many different jobs, all for short periods of time, but has been unemployed most of the time. It was plaintiff's testimony as to this work experience that his health had become progressively worse to the extent that he was no longer able to work at all after October 1969, when he claims his disability began. Plaintiff's physical complaints included dizziness, insomnia, nausea, coughing, shortness of breath, tiredness, and nervousness. Plaintiff eats only soft foods, stays at home and spends a substantial amount of time lying down. He has smoked cigarettes since he was eight years old, and currently smokes more than two packages a day. Plaintiff is receiving a Veterans Administration pension for total and permanent disability.

The medical testimony was that plaintiff is suffering from chronic obstructive lung disease, bronchospasm, bronchitis, emphysema, and a chronic anxiety state. The medical adviser, Dr. Chapman, testified that although plaintiff had apparently experienced a fifty per cent reduction in pulmonary function, he nevertheless had the residual capacity to perform light, sedentary work under controlled conditions. Dr. E. C. Brann, an osteopath, filed two letters diagnosing plaintiff's condition as "total disability." As opposed to this conclusory diagnosis and plaintiff's own testimony that he was unable to work, there was in the record the clear testimony of Dr. Chapman, and reports by other physicians, from which the hearing examiner determined that plaintiff was not entitled to disability benefits because he still had the residual capacity to do light, sedentary work.

Plaintiff alleges that the finding of the hearing examiner that plaintiff could do light, sedentary work of a type which is available in Texas and the southwest United States is unrealistic in

light of his proven impairments. The statute which defines disability, 42 U.S.C. § 423(d)(2)(A), provides that, in addition to proving an impairment, a claimant must go further and show that the impairment is so severe "that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." The hearing examiner considered all of plaintiff's impairments and their severity, his age, and his work experience, and determined that there are available a variety of jobs within the physical and mental capacity of the plaintiff. There is substantial evidence in support of this finding.

▮ In the decision of the hearing examiner, she referred to the fact that plaintiff is receiving a Veterans Administration pension, but stated that "A determination by another governmental agency that the claimant is disabled within the meaning of the statutes and regulations under which that agency operates is irrelevant in this proceeding and does not compel a similar decision. The Hearing Examiner is circumscribed by the definition of 'disability' contained in the Social Security Act and the Regulations of the Secretary." This would be a correct statement of the law were it not for the inclusion of the words "is irrelevant in this proceeding." Such a de-

termination by another agency must be considered.[1] Here, however, the hearing examiner admitted into evidence the certificate of the Veterans Administration award and several reports by Veterans Administration doctors, and determined plaintiff's disability in accordance with the Act and the Secretary's regulations. Congress deliberately established a different standard for entitlement to veterans' disability benefits[2] from that prescribed for entitlement to social security disability insurance benefits.[3] Therefore, each agency must administer the award of benefits in strict accordance with the standard prescribed by its own statute. A determination of disability by another agency is thus not controlling, but should be considered by the hearing examiner as part of the evidence before him.[4] In this case, however, there is clearly substantial evidence supporting the hearing examiner's finding against the claimed disability so that the result would have been the same even if the Veterans Administration determination had been treated differently. The pleadings, record, and briefs show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law; it is, therefore,

Ordered and Adjudged that the defendant's motion for summary judgment is hereby Granted, the plaintiff's motion for summary judgment is Denied, the decision of the Secretary of Health, Education, and Welfare is Affirmed, and that the plaintiff take nothing, with costs to be taxed against the plaintiff.

1. "Each statutory program has its own unique standards. Consequently, the action of the Veterans Administration is not decisive. But in view of the similarity of the statutory tests, the Examiner should at least evaluate it to determine its significance." Hayes v. Celebrezze, 311 F.2d 648, 654 n. 6 (5 Cir. 1963).

2. 38 U.S.C. § 502.

3. 42 U.S.C. §§ 416(i), 423(d).

4. Skeels v. Richardson, 453 F.2d 882 (5 Cir.), cert. den., 409 U.S. 857, 93 S.Ct. 137, 34 L.Ed.2d 101 (1972); Williams v. Finch, 440 F.2d 613 (5 Cir. 1971); DePaepe v. Richardson, 464 F.2d 92 (5 Cir. 1972).