### Archa B. JOHNSON

v.

### SECRETARY, DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE, SOCIAL SECURITY ADMINISTRATION, United States of America.

#### No. CA 3–76–1135–C.

United States District Court,
N. D. Texas,
Dallas Division.

May 11, 1979.

John B. Wilson, Jr., and Jerry E. Hines, Wilson, Menaker & Branson, Dallas, Tex., for plaintiff.

Kenneth J. Mighell, U. S. Atty., Stafford Hutchinson, Asst. U. S. Atty., John M. Stokes, Regional Atty., Paula Mastropieri-Billingsley, Asst. Regional Atty., Dept. of Health, Education, and Welfare, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, District Judge.

This case is before the Court on cross-motions for summary judgment on an appeal pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), of a final decision of the Secretary of Health, Education, and Welfare denying plaintiff disability insurance benefits under the Act. For the reasons hereinafter set forth, the motion of plaintiff is denied, and the motion of defendant is granted.

Plaintiff filed an application for a period of disability and for disability insurance benefits on August 23, 1974, alleging that she became unable to work on February 24, 1974, at age 28, because of a bilateral carpal tunnel syndrome and related complications. The application was denied initially and on reconsideration, by the Bureau of Disability Insurance of the Social Security Administration. Plaintiff thereafter requested a hearing before an administrative law judge; said hearing was held, and on December 30, 1975, the administrative law judge found that plaintiff was not under a disability. The administrative law judge's decision became the final decision of the Secretary of Health, Education, and Welfare, when the Appeals Council approved the decision on July 23, 1976.

The record reflects that plaintiff was born September 2, 1945. She completed high school and had a year of college education. She has worked in various diagnostic laboratories, food and supply areas in the hospital industry, as a packer for a meat firm, a doctor's assistant, and a research laboratory technician.

The administrative record contains the following medical evidence. Earliest medical evidence reports swelling of the left wrist, and surgical repair was done in May, 1973. On or about May 14, 1974, an EMG was interpreted as showing bilateral carpal tunnel borderline conduction values. No other abnormalities were found in the cervical area on May 24, 1974, as a result of an automobile accident the week before, after which plaintiff stated that she had pain

virtually all over her body. On June 16, 1974, she reported that she had had several falls, one of which was in the bathtub. X–Rays of the spine were done under report of April 14, 1975, and reflected no evidence of destructive lesions of the cervical spine. Disc spaces were normal, and there was mild hyperextension in the lower cervical area. A neurological examination is reported under date of April 14, 1975, as being negative without evidence of a carpal tunnel syndrome or other neuropathy. To the contrary, there was a skeletal condition causing a fluid accumulation in the left hand. An eye examination was reported as normal; but a cervical strain was reported in July, 1975. On June 7, 1976, a summary was submitted by the Appeals Council and admitted into evidence. This summary also reported a cervical strain.

■ The scope for reviewing the Secretary's decision is limited to determining whether there is substantial evidence in the entire record to support the fact findings or decision of the Secretary, as the trier of the facts. *Goodman v. Richardson,* 448 F.2d 388 (5th Cir. 1971). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Hemphill v. Weinberger,* 483 F.2d 1137 (5th Cir. 1973). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales, supra; Hemphill v. Weinberger, supra; Payne v. Weinberger,* 480 F.2d 1006 (5th Cir. 1973).

■ The burden is on the plaintiff to prove the existence of a disability. *Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir. 1973), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973). Plaintiff failed to meet her burden of proof in the administrative proceeding. There is substantial evidence of record to support the conclusion of the administrative law judge that the greater weight of the medical evidence did not establish the existence of an impairment or combination of impairments in such severity as to cause plaintiff's inability to engage in substantial gainful activity.

Medical records established that plaintiff was treated conservatively for left wrist discomfort which began on April 29, 1972, and surgical repair was done in May, 1973, improving her condition so that she was able to return to work by July 30, 1973. The re-occurrence of left hand and arm discomfort in November, 1973, was diagnosed as a thoracic outlet and carpal tunnel syndrome. In May, 1974, similar symptoms in the right arm led to a diagnosis of bilateral carpal tunnel syndrome. In May, 1974, and October, 1974, bilateral EMG values were the same; both were termed as borderline and had not dropped below the expected conduction values. The latest interpretation was that the values did not represent abnormalities, and the outlet nerve conduction was normal. The examination on March 20, 1975, found no motor, sensory, muscle, or reflect abnormalities, and the neurological evaluation in April, 1975, documented no evidence of carpal tunnel syndrome or other neurological pathology. No weakness in the left arm or hand could be proven.

■ The loss of or the loss of use of an arm or hand is not necessarily disabling. Numerous cases have held that a plaintiff who has lost or lost use of her arm or hand can still engage in substantial gainful activity. *Torske v. Richardson,* 484 F.2d 59 (9th Cir. 1973), *cert. denied,* 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); *see Ratliff v. Richardson,* 445 F.2d 440 (5th Cir. 1971); *Reyes Robles v. Finch,* 409 F.2d 84 (1st Cir. 1969).

■ Plaintiff's complaints must be corroborated by medically acceptable clinical and laboratory diagnostic techniques. Thus, the Secretary has the prerogative to reject not only plaintiff's testimony as to pain or other subjective symptoms generally, but also as to the degree of disability they constitute, if there exists more persuasive evidence to the contrary. *Wolford v. Mathews,* 1A Unempl.Ins.Rep. (CCH) para. 14,685 (E.D.Ky. January 15, 1976). Furthermore, it is within the province of the administrative law judge to credit one medical opinion over another. *Hutchinson*

*v. Weinberger,* 399 F.Supp. 426 (E.D.Mich. 1975).

■ Plaintiff must establish that she is disabled by reason of a medically determinable impairment, as evidenced by clinical and laboratory findings. *Fugett v. Richardson,* [1974 Transfer Binder] Unempl.Ins. Rep. (CCH) para. 17,868 (N.D.Tex.1974), *aff'd,* 502 F.2d 783 (5th Cir. 1974); *McCarty v. Richardson,* 459 F.2d 3 (5th Cir. 1972). Thus, plaintiff's impairments in combination cannot establish disability where their combined effect is not of requisite severity. *Jenkins v. Gardner,* 430 F.2d 243 (6th Cir. 1970), *cert. denied,* 400 U.S. 1001, 91 S.Ct. 472, 27 L.Ed.2d 452 (1971); *Ratliff v. Richardson, supra.*

■ As trier of fact to weigh evidence and resolve conflicts among allegations, testimony, and medical findings, the Secretary properly found that plaintiff was not prevented by her impairments, and/or significant pain and discomfort, from engaging in any substantial gainful activity for any continuous 12-month period beginning on or before December 30, 1975, the date of the hearing decision. *Sullivan v. Weinberger,* 493 F.2d 855 (5th Cir. 1974); *Skeels v. Richardson,* 453 F.2d 882 (5th Cir. 1972), *cert. denied,* 409 U.S. 857, 93 S.Ct. 137, 34 L.Ed.2d 101 (1972).

■ It was found that plaintiff retained the capacity to perform her former work activity, or other related work utilizing the same skills. Where it is established that an individual can perform her usual occupation, vocational testimony is not necessary. *Bracey v. Richardson,* [1974 Transfer Binder] Unempl.Ins.Rep. (CCH) para. 17,563 (S.D.Miss.1973), *aff'd,* No. 73–3155 (5th Cir. December 13, 1973); *Herridge v. Richardson,* 464 F.2d 198 (5th Cir. 1972).

Therefore, the Secretary's decision must be affirmed. Accordingly, plaintiff's motion for summary judgment will be denied and defendant's motion will be granted.