Oscar W. **FLETCHER**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare.**

No. CA 3–76–1371–C.

United States District Court,
N. D. Texas,
Dallas Division.

May 15, 1979.

Charles H. Robertson, Johannes, Robertson & Wilkinson, Dallas, Tex., for plaintiff.

Kenneth J. Mighell, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., John M. Stokes, Regional Atty., Paula Mastropieri-Billingsley, Assistant Regional Atty., Dept. of Health, Education, and Welfare, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, District Judge.

This case is before the Court on cross-motions for summary judgment on an appeal, pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), of a final decision of the Secretary of Health, Education, and Welfare denying plaintiff disability insurance benefits under the Act. For the reasons hereinafter set forth, the motion of plaintiff is denied, and the motion of defendant is granted.

Plaintiff filed an application for a period of disability and for disability insurance benefits on June 5, 1975, alleging that he became unable to work as of February, 1974, at age 54, because of a stroke, emphysema, and high blood pressure. The application was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. Plaintiff thereafter requested a hearing before an administrative law judge; said hearing was held on March 25, 1976, before the Honorable N. L. Linebaugh, Administrative Law Judge. In a decision of April 5, 1976, Judge Linebaugh found that plain-

tiff was not under a disability starting on or before June 30, 1974, when plaintiff last had the necessary insured status. The administrative law judge's decision thus became the final decision of the Secretary of Health, Education, and Welfare when the Appeals Council approved it on September 7, 1976. This decision is now before this Court on plaintiff's appeal.

The record indicates that plaintiff was born on June 16, 1919. He completed high school and attended a business college for six months. He has worked as a sheet metal worker, poultry farmer, manager of a drive-in theater, and self-employed private investigator.

The administrative record contains the following medical evidence. Plaintiff was examined at Veterans Administration Hospital, Dallas, Texas, on April 23, 1973, and determined to have diabetes mellitus, under good control; mild hypertension; emphysema, and degenerative joint disease. The report indicated multiple symptoms, but no acute illness. Plaintiff was admitted to Veterans Administration Hospital on June 6, 1973, and discharged on June 12, 1973, with a diagnosis of: chemical diabetes mellitus and degenerative joint disease. On June 25, 1973, he was determined to have mild emphysema. Howard Y. Sigler, M.D., an orthopedic surgeon, examined plaintiff on July 23, 1973, and determined on physical examination that plaintiff had tenderness between the shoulder blades and tenderness and spasm in his lumbar muscles. X–Rays showed arthritic changes of the lumbar spine. A diagnosis of generalized osteoarthritis was made. He expressed the opinion plaintiff could not do any work which required bending, stooping, or lifting, or remaining on his feet for long periods of time. Veterans Administration Hospital again examined plaintiff on August 17, 1973, and diagnosed hypertension, under good control. H. I. Oktay, M.D., a specialist in internal medicine, examined plaintiff on September 6, 1973, and diagnosed osteoarthritis with disc disease, chronic obstructive lung disease, hypertension, and diabetes. He advised plaintiff to quit smoking and prescribed medication. The doctor concluded that plaintiff was unable to perform gainful employment. Dr. Gus Schreiber, M.D., a specialist in cardiovascular diseases and internal medicine, reported results of his test on January 2, 1974. He diagnosed arthralgia of various joints not being treated, moderate obstructive and restrictive pulmonary defects, pyuria with no bacilluria at time of examination, not being treated, history of multiple kidney stones. Veterans Administration Hospital, Dallas, Texas, hospitalized plaintiff from March 15 to 27, 1974, with diagnoses of mild osteoarthritis; hypertension on adequate therapy; chronic obstructive pulmonary disease; diabetes, well controlled on diet alone, and hypercalciuria, an excess of calcium in the urine. Plaintiff was admitted to the same hospital on February 18, 1975, after having three episodes of syncope, or a temporary suspension of consciousness due to cerebral anemia, which occurred during the week prior to admission. Plaintiff was placed on anti-hypertensive medication. It was concluded that high blood pressure probably played a major role in the syncopal episodes. Plaintiff remained asymptomatic during the remainder of his hospitalization on no hypertensive medications. Diabetes was controlled with diet alone. On discharge, plaintiff was considered competent, employable, and able to resume his prehospital activities without a convalescent period. The general prognosis was good. Plaintiff was readmitted to the same hospital on April 21, 1975. A kidney stone was found in his left lower ureter. There was no history of vascular disease. The stone was removed without complications. On May 14, 1975, plaintiff underwent surgery on the left internal carotid artery, and did well postoperatively. On May 27, 1975, he underwent surgery on the carotid artery. Two hours after the operation, it became apparent that he had developed a left hemiparesis resulting in weakness on the left side of his body. His condition gradually improved, but on discharge on June 6, 1975, it was stated that he should not work or drive a car. On July 14, 1975, Dr. William N. Harkness, a general practitioner, sub-

mitted a letter in which he stated that plaintiff was convalescing from vascular surgery to the arteries to the head and brain, following a stroke. He stated that plaintiff should not engage in any activity which might cause undue concern or excitement for one year. Dr. Sigler again reported on March 22, 1976, that he had treated plaintiff since July, 1973, for crippling and disabling arthritis affecting his spine and joints, particularly his knees, shoulders, and ankles. He reported that it was necessary for plaintiff to wear a brace on his left leg. A history of plaintiff's stroke in June, 1975, was repeated.

■ The scope for reviewing the Secretary's decision is limited to determining whether there is substantial evidence in the entire record to support the fact findings or decision of the Secretary, as the trier of facts. *Goodman v. Richardson,* 448 F.2d 388 (5th Cir. 1971). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'." *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Hemphill v. Weinberger,* 483 F.2d 1137 (5th Cir. 1973); *Payne v. Weinberger,* 480 F.2d 1006 (5th Cir. 1973).

■ The burden is on the plaintiff to prove the existence of a disability. *Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir. 1973), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973). Plaintiff failed to meet his burden of proof in the administrative proceeding. There is substantial evidence of record to support the conclusion of the administrative law judge that the greater weight of the medical evidence did not establish the existence of an impairment or combination of impairments in such severity as to cause plaintiff's inability to engage in substantial gainful activity by June 30, 1974, when he last had the required insured status.

The administrative law judge found that the plaintiff last met the earnings requirement for disability purposes on June 30, 1974, and that the stroke occurred on May 27, 1975. Thus, the administrative law judge's finding is supported by substantial

evidence that since the stroke occurred after the expiration of plaintiff's insured status, plaintiff's condition as a result of the stroke is not relevant for disability insurance purposes.

■ The medical evidence establishes that plaintiff suffers from high blood pressure. The record indicates that this condition is controlled with medication. Hypertension is not necessarily disabling. *Bracey v. Richardson* [1974 Transfer Binder] Unempl.Ins.Rep. (CCH) para. 17,563 (S.D.Miss. 1973), *aff'd* No. 73–3155 (5th Cir. 1973). If an impairment can reasonably be remedied or controlled by treatment, it cannot serve as a basis for a finding of disability. 20 C.F.R. § 404.1507; *McCarty v. Richardson,* 459 F.2d 3 (5th Cir. 1972); *Knox v. Finch,* 427 F.2d 919 (5th Cir. 1970).

■ Pulmonary tests failed to disclose a substantial respiratory impairment. The Social Security Regulations require that pulmonary insufficiency must be documented by a one second forced expiratory volume test. For an individual with a height of sixty-eight to sixty-nine inches, the forced respiratory volume must be equal to or less than 1.3. 20 C.F.R. § 404.1506 app. § 3.02 (Table I). Furthermore, the administration of bronchodilators for the pulmonary function study is proper. 20 C.F.R. § 404.1506 app. § 3.00 F. On June 25, 1973, plaintiff's forced expiratory volume (FEV) was 1.9. Another test was conducted on January 2, 1974, which revealed a FEV of 1.5. after bronchodilators. When pulmonary tests fail to disclose a substantial pulmonary impairment, plaintiff cannot be disabled. *O'Bryan v. Weinberger,* 511 F.2d 68 (6th Cir. 1975); *Huff v. Weinberger,* 1A Unempl.Ins.Rep. (CCH) para. 14,560 (S.D. Ohio 1975). Failure to stop smoking mitigates against a finding of disability where shortness of breath is alleged. *Huff v. Weinberger, supra.*

■ Plaintiff has established that he has osteoarthritis, but it does not indicate that it is of the requisite intensity to render him unable to engage in substantial gainful activity. In order to support an opinion that

arthritis is disabling, the limitations imposed by the arthritis must be described and render the plaintiff unable to engage in substantial gainful activity. *Hemphill v. Weinberger,* 483 F.2d 1137 (5th Cir. 1973); *Woods v. Finch,* 428 F.2d 469 (3rd Cir. 1970); *Ross v. Gardner,* 408 F.2d 882 (4th Cir. 1969), *cert. denied,* 396 U.S. 890, 90 S.Ct. 181, 24 L.Ed.2d 165 (1969).

The administrative law judge considered the medical evidence contained in the reports of the Veterans Administration. The requirements of the Veterans Administration differ from the requirements of the Social Security Act, and a finding of disability under that program is not binding on the Secretary. *Skeels v. Richardson,* 453 F.2d 882 (5th Cir. 1972), *cert. denied,* 409 U.S. 857, 93 S.Ct. 137, 34 L.Ed.2d 101 (1972); *McKay v. Richardson,* 363 F.Supp. 379 (N.D.Tex.1973), *aff'd,* 491 F.2d 1271 (5th Cir. 1974).

Plaintiff has been seen and treated for several other complaints. A combination of impairments cannot establish disability where their combined effect is not of requisite severity. *Ratliff v. Richardson,* 445 F.2d 440 (5th Cir. 1971); *Torres v. Secretary of Health, Education, and Welfare,* 333 F.Supp. 676 (D.P.R.1971). The record as a whole does not support a finding that plaintiff was incapable of performing substantial gainful work for a continuous period of not less than twelve months by June 30, 1974, when his insured status expired. Therefore, the Secretary's decision must be affirmed. Accordingly, plaintiff's motion for summary judgment will be denied and defendant's motion will be granted.