United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60027
Summary Calendar

———————————————

L.C. GATHERIGHT,

                              Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(4:00-CV-112-LG)
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant L.C. Gatheright appeals the judgment

affirming the determination by the Commissioner of Social Security

that he is not disabled within the meaning of the Social Security

Act.  Gatheright argues that the decision of the Administrative

Law Judge (ALJ) applied the wrong legal standard and was contrary

to the evidence.  In particular, Gatheright argues that the ALJ

erred in denying benefits because vocational expert testimony was

required and reliance on the medical-vocational guidelines was

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improper, and because the ALJ erred in finding his complaints of pain incredible.

Contrary to Gatheright's contentions, we conclude that the ALJ applied the correct legal standard, and that substantial evidence supports the ALJ's finding that the weight of the medical evidence established that Gatheright's back condition was mild and would not prevent him from performing light and sedentary work, so that he is not disabled. See 20 C.F.R. Part 404, Subpart P, App. 2; Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

As the ALJ properly relied on the medical-vocational guidelines, the ALJ did not need to determine independently that jobs that Gatheright is able to perform exist in the national economy, and that no vocational expert testimony was necessary. See Pate v. Heckler, 777 F.2d 1023, 1025-26 (5th Cir. 1985); Fraga v. Bowen, 810 F.2d 1296, 1304-05 (5th Cir. 1987). Finally, we are satisfied that substantial evidence supports the ALJ's determination regarding the credibility of Gatheright's complaints of pain, entitling that determination to judicial deference. See Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990). The decision of the district court affirming the Commissioner's decision is

AFFIRMED.