[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12988
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00584-ECM-WC

DAVID LAMAR MILLS,

                                        Plaintiff-Appellant,

versus

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                        Defendant,

ANDREW SAUL,
Commissioner of Social Security,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 28, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

David Mills, pro se, challenges the Commissioner's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under 42 U.S.C. §§ 405(g) and 1383(c)(3).  Mills's applications stem from the removal of a lymphoma from his arm and chemotherapy treatment he underwent in 2008; the Commissioner previously granted Mills's request for DIB and SSI for a closed period of disability from January 1, 2008 through April 30, 2009, but denied new applications Mills filed in 2012, in which Mills complained of lingering effects of the lymphoma removal.  Mills filed similar applications again in 2015, which were denied, and are the basis of this appeal.  Liberally construed, Mills's brief argues that: (1) the administrative law judge ("ALJ") improperly assessed Mills's credibility and misinterpreted his testimony; (2) the ALJ misjudged the evidence and failed to give clear and convincing reasons for rejecting Mills's treating physicians' opinions and the Department of Veterans Affairs ("V.A.") disability determination; and (3) the ALJ's residual functional capacity ("RFC") finding was not supported by substantial evidence because it did not account for the possibility that Mills might need to miss multiple days of work per week.  After thorough review, we affirm.

We review the Commissioner's DIB and SSI decisions to determine whether they are supported by substantial evidence, and we review de novo whether they applied the correct legal standards.  See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  Substantial evidence is any relevant evidence, greater than a

scintilla, that a reasonable person would accept as adequate to support a conclusion. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). If, in light of the record as a whole, substantial evidence supports the Commissioner's decision, we will not disturb it. Id. at 1439. Under this standard of review, we will not decide the facts anew, make credibility determinations, or reweigh the evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).

Generally, we will not address an argument in a social security appeal that was not raised in the district court. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). Similarly, an issue is waived on appeal if it was raised for the first time in objections to a magistrate judge's report and recommendation and the district court did not consider it. Knight v. Thompson, 797 F.3d 934, 937 n.1 (11th Cir. 2015).[1] Further, while we read pro se briefs liberally, a pro se litigant abandons any issues he does not brief on appeal, nor will we consider arguments made for the first time in a reply brief. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). An issue is adequately briefed if it is plainly and prominently raised and supported by arguments and citations to relevant evidence and authority. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014).

---

[1] Accordingly, we decline to consider Mills's argument that the ALJ did not correctly assess his credibility because he failed to properly raise that issue in the district court. See Crawford, 363 F.3d at 1161. As the record reflects, Mills did not raise the issue until he made objections to the magistrate judge's report and recommendation and the district court did not consider the issue when it ruled on the report and recommendation. See Knight, 797 F.3d at 937 n.1.

First, we are unpersuaded by Mills's claim that the ALJ failed to properly assess the evidence by not stating clear and convincing reasons for rejecting Mills's treating physicians' opinions and the Department of Veterans Affairs ("V.A.") disability determination. To claim DIB, a claimant must prove that he is disabled. See Moore, 405 F.3d at 1211. The ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a RFC assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience. Winschel, 631 F.3d at 1178. If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4).

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairments, including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1). Treatment notes can constitute medical opinions if they

4

contain the content set out in 20 C.F.R. § 416.927(a)(1).  Winschel, 631 F.3d at 1179.
The ALJ must state with particularity the weight given to different medical opinions
and the supporting reasons.  Id.

Opinions on issues constituting administrative findings that are dispositive of
a case and would direct the determination of disability are not medical opinions
because those issues are reserved for the Commissioner.  20 C.F.R. §§ 404.1527(d),
416.927(d).  Thus, these opinions are not entitled to any special significance.  Id. §§
404.1527(d)(3), 416.927(d)(3).  Further, the ALJ is not required to discuss every
piece of evidence, so long as the ALJ's decision is not a broad rejection and there is
enough for us to conclude that the ALJ considered the medical condition as a whole.
Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

The social security regulations define a "treating source" as a medical source,
including a physician, who has provided the claimant with medical treatment and
has, or previously had, an ongoing treatment relationship with the claimant.  20
C.F.R. §§ 404.1527, 416.927.[2]  The opinion of a treating physician "must be given
substantial or considerable weight unless 'good cause' is shown to the contrary."
Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quotations omitted).
Good cause exists when: (1) the treating physician's opinion was not bolstered by

---

[2] "For claims [like Mills's] filed . . . before March 27, 2017, the rules in [§§ 404.1527 and 416.927] apply."  20 C.F.R. §§ 404.1527, 416.927.

the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with his own medical records. Winschel, 631 F.3d at 1179.  When good cause exists, the ALJ may disregard a treating physician's opinion but must clearly articulate the reasons for doing so.  Id. The failure to do so is reversible error.  Lewis, 125 F.3d at 1440.  There is no reversible error if the ALJ articulates specific reasons, supported by substantial evidence, for not giving the opinion of a treating physician controlling weight. Moore, 405 F.3d at 1212.

We recently addressed how ALJs from the Social Security Administration ("SSA") should consider another agency's disability determination.  Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1325 (11th Cir. 2020).  Prior to Noble, the Former Fifth Circuit had held that another agency's disability determination was simply "a factor to be considered" and did not have to be followed if more recent medical evidence contradicted it.  Skeels v. Richardson, 453 F.2d 882, 883 (5th Cir. 1972).[3]  Thereafter, in Brady v. Heckler, we held, without discussing Skeels, that the V.A.'s disability rating was evidence that, while not binding, should be given great weight.  724 F.2d 914 (11th Cir. 1984).  In Noble, we reconciled the case law and clarified that courts should affirm an SSA ALJ's decision that departed from another

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

agency's disability determination if: (1) the decision shows the ALJ considered the other agency's disability determination; and (2) substantial evidence in the record supported the ALJ's decision to depart from that determination. 963 F.3d at 1330.

On the record before us, the ALJ did not err in how it weighed the evidence. For starters, the ALJ clearly stated that he gave no weight to the opinion of the non-examining state agency consultant, Dr. Veits, because Veits had reviewed an incomplete record. As for Mills's argument that the ALJ failed to state with particularity the weight given to the Alabama food stamp form prepared and signed by Dr. Harry Barnard, that form was never before the ALJ because Mills did not submit that form until after the ALJ had made his decision. In any event, that form did not contain a medical opinion; instead, it only reached a conclusion on the ultimate issue of disability, which is an issue reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(d), 416.927(d).

Nor did the treatment notes from Dr. Seigel constitute a medical opinion because they did not contain the content set out in 20 C.F.R. § 416.927(a)(1), including what impairments, if any, resulted from Mills's surgery. See Winschel, 631 F.3d at 1179. What's more, the ALJ had good cause to give little weight to Dr. Seigel's notes, as well as the treatment notes from Dr. Boyd and Dr. Pilcher, because none of them were bolstered by the evidence -- including treatment notes from a treating physician, Dr. Patel, and evidence about Mills's family and social life -- and

7

they were contradicted by Mills's CAT scans, the only clinical tests in the record. See id.

As for the ALJ's consideration of the V.A.'s disability determination, which gave Mills a 100% disability rating based on post-traumatic stress disorder ("PTSD"), we again find no error. The ALJ's decision -- made as if Brady was controlling and giving the V.A. disability determination great consideration -- is consistent with our case law. See Noble, 963 F.3d at 1330. Specifically, the ALJ discussed the V.A. disability determination in detail, including how the V.A.'s disability process is different from that of the SSA's and how Mills's capabilities were not consistent with the V.A.'s disability rating. Further, substantial evidence supported the ALJ's decision to depart from the V.A. disability rating as to his PTSD, including evidence that for the relevant period, Mills was able to quit drinking, reduce his cigarette intake, successfully navigate legal proceedings for a drunk-driving charge, start raising a child, support a grieving family member, and maintain relationships with a female friend and a friend out of state. In addition, Dr. Patel, who treated Mills's physical impairments, noted on multiple occasions that Mills appeared pleasant and was not in acute distress. And the V.A.'s own records show that Mills consistently denied significant anxiety or worry and any suicidal or homicidal ideation. Thus, substantial evidence in the record supported the ALJ's decision to depart from the V.A.'s disability determination. See id.

8

We also find no merit to Mills's argument that the ALJ's RFC finding was not supported by substantial evidence.  In formulating an RFC at the fourth step of the sequential evaluation process, the ALJ considers a claimant's "ability to meet the physical, mental, sensory, and other requirements of work."    20 C.F.R. § 404.1545(a)(4).    The ALJ examines all relevant medical and other evidence, including "any statements about what [the claimant] can still do that have been provided by medical sources" and "descriptions and observations" by the claimant, his family, his neighbors, his friends, or others, of his limitations, including limitations resulting from pain.  Id. § 404.1545(a)(3).  State agency medical or psychological consultants are considered "experts in Social Security disability evaluation," and the ALJ must consider and assign weight to their opinions in the same manner as any other medical source.  See id. §§ 404.1527(f)(2) (2017), 416.927(f)(2) (2017).  The RFC is the most a claimant can do despite his restrictions, not the least.  SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996).

At the fifth sequential step, the ALJ must determine if a significant number of jobs exist in the national community that a claimant can perform.  Phillips, 357 F.3d at 1239.  To make this determination, an ALJ may consider the testimony of a vocational expert ("VE").  Id. at 1239-40.  For a VE's testimony to constitute substantial evidence, the ALJ's hypothetical question must account for all of a claimant's impairments.  Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).

Here, we will not disturb the ALJ's RFC finding because it sufficiently accounted for all of Mills's impairments -- limiting him to light work that required only occasional decision making and use of his right arm -- and was supported by substantial evidence in the record. See Lewis, 125 F.3d at 1439-40. The record reveals that, after his lymphoma was removed, Mills recovered up to good strength and sensation in his right arm and had only occasional arm, back, and abdominal pain that he treated himself. As for Mills's PTSD and affective disorder, the record reflects that Mills had difficulty sleeping and was limited in his ability to work with others without becoming irritable or angry. Accordingly, the ALJ's RFC finding limiting Mills to light work that required only occasional decision making and use of his right arm sufficiently accounted for the limitations caused by Mills's physical and mental impairments reflected in the record.

The only support Mills offers for his argument that his impairments prevented him for any work is his subjective testimony, the notes from Drs. Barnard and Pichler, and the V.A. disability determination. However, we will not disturb the ALJ's credibility finding concerning Mills's subjective testimony. Winschel, 631 F.3d at 1178. Further, as we've already explained, the ALJ did not err by not discussing the note from Dr. Barnard on the 2008 food stamp form, nor by discounting Dr. Pichler's note, nor by departing from the V.A. disability determination. Mills cites no evidence in the record -- medical or otherwise -- to

10

support his claim that the RFC should have accounted for him missing work three to four days a week due to his impairments. Mills's arguments effectively ask us to decide the facts anew, make credibility determinations, or reweigh the evidence, none of which we can do. See id. Accordingly, we affirm the Commissioner's decision.[4]

**AFFIRMED**.

---

[4] In addition, Mills has abandoned any argument that the VE's testimony should not have been considered substantial evidence because the ALJ's hypothetical was incomplete or flawed. See Timson, 518 F.3d at 874. Mills argued in his initial brief only that the RFC finding did not account for all his limitations because the ALJ reinterpreted or disregarded his statements. Moreover, his ability to clearly articulate the issue of VE testimony based on a flawed hypothetical before the district court and in his reply brief indicates that he was aware of and could have made that argument in his initial brief.