Beverly **FIELDS**, Plaintiff-Appellant,

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellee.**

**No. 86–3133**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1986.

William Byrne, New Orleans, La., for plaintiff-appellant.

Nancy A. Nungesser, Asst. U.S. Atty., John Volz, U.S. Atty., New Orleans, La., Karen J. Behner, Atty., Office of Gen. Counsel, Dept. of Health & Human Services, Dallas, Tex., for defendant-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This appeal arises from the Secretary of Health and Human Services' denial of an application for supplemental security income disability benefits. The question before us is whether substantial evidence exists to support the Secretary's determination that Fields, who suffers from a nonexertional impairment, was not disabled from performing certain "repetitious, low stress" jobs when the evidence did not include expert vocational testimony or similar evidence. We conclude that the Secretary erred in not using expert vocational testimony or similar evidence.

I

The applicant, Beverly Fields, has an emotional disorder causing her to experience auditory hallucinations, delusions of persecution, and depression. On numerous occasions doctors have examined her and prescribed drugs for her condition. In 1983, Fields applied for supplemental security income benefits claiming her condition constituted a disability.

The Administrative Law Judge ("ALJ") recommended that her application be denied based on his findings that (1) claimant has a severe emotional impairment which is in remission; (2) this impairment prevents her from performing her past work; (3) this impairment has not prevented her from performing repetitive, low-stress employment for more than twelve months at a time; and (4) this impairment does not prevent her from working as a hand-lacer or pencil inspector. The Appeals Council summarily affirmed the ALJ's decision.

Having exhausted her administrative remedies, Fields filed a complaint with the United States District Court for the Eastern District of Louisiana. Adopting the magistrate's report and recommendation, the district court granted the Secretary's motion for summary judgment. Fields appeals.

II

Fields claims that the Secretary erred in denying her application for benefits. Judicial review of the Secretary's denial of benefits is limited to whether the decision was supported by substantial evidence. *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986). Accordingly, this Court may not reweigh the evidence or substitute its judgment for the Secretary's. Nevertheless, it must "scrutinize the record in its entirety to determine whether substantial evidence does indeed support the Secretary's findings." *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir.1983).

In a claim for supplemental security income benefits, the burden is on the claimant to demonstrate that she is unable to engage in substantial employment and that the disability has lasted or is expected to last at least twelve continuous months. Initially, the burden is on the claimant to show that she cannot perform her previous

work. Then the burden shifts to the Secretary, who must show that the claimant can perform alternative employment. The burden then shifts back to the claimant to show that she cannot perform the alternate work. *Taylor v. Bowen,* 782 F.2d 1294, 1297–98 (5th Cir.1986).

The Secretary evaluates disability claims under the Social Security Act through a five-step process set forth in 20 C.F.R. § 404.1520 (1986): (1) Is the claimant currently working? (2) Can the impairment be classified as "non-severe"? (3) Does the impairment meet the duration requirement of 42 U.S.C. § 423(d)(1)(A) and is it listed, or medically equivalent to, an impairment in Appendix 1? (4) Can the claimant perform her past relevant work? and (5) Can the claimant perform any other gainful job? *See Herron v. Bowen,* 788 F.2d 1127, 1131 (5th Cir.1986).

■ Fields contends that because she suffers from a mental disability, which is a nonexertional impairment, it was improper for the ALJ to rely exclusively on the Medical-Vocational Guidelines in 20 C.F.R. part 404, subpart P, app. 2, §§ 200.00–204.00, to determine the existence of other jobs that Fields could perform. The Secretary uses the Medical-Vocational Guidelines only if he reaches the last of the five inquiries. *Pate v. Heckler,* 777 F.2d 1023, 1025 (5th Cir.1985). The guidelines permit the Secretary to take administrative notice of jobs in the national economy that a claimant can perform. Fields correctly asserts that the guidelines may not be applied when a claimant suffers solely from a nonexertional impairment. *See Martin v. Heckler,* 748 F.2d 1027, 1034–35 (5th Cir.1984); *see also Pate,* 777 F.2d at 1025 (Secretary concedes the impropriety of using the guidelines for nonexertional impairments).

■ In the present case the ALJ determined that Fields is unable to perform her past employment. He then used the Medical-Vocational Guidelines to conclude that Fields has the capability of performing many types of repetitive, low-stress work in positions such as hand-lacer and pencil inspector. The ALJ's use of the guidelines

is not sufficient to satisfy the Secretary's burden and is error.

The Secretary argues that this burden was satisfied because the ALJ did not mechanically apply the guidelines as Fields complains, but rather used the Dictionary of Occupational Titles to identify specific employment that Fields is able to perform. Even were the Secretary's characterization of the ALJ's decision correct, the Secretary did not satisfy his burden.

This Circuit has consistently held that once the ALJ determines that a claimant suffers from a nonexertional impairment that prevents her from performing her past work and the full range of other available work, the Secretary must produce "expert vocational testimony or other similar evidence" to establish that jobs exist in the national economy that the applicant can perform. *Ghorman v. Heckler,* No. 85–3444, slip op. at 9–10 (5th Cir. Jan. 21, 1986) [782 F.2d 1038 (table)]; *see also, e.g., Lawler v. Heckler,* 761 F.2d 195, 198 (5th Cir.1985). The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job. The Secretary did not produce any expert vocational testimony; we must therefore decide whether administrative notice of the Dictionary of Occupational Titles constitutes evidence similar to expert vocational testimony.

■ This Circuit has never defined the term "other similar evidence." Nevertheless, the Dictionary of Occupational Titles is not "similar evidence" and thus cannot satisfy the Secretary's burden. The Dictionary of Occupational Titles defines the duties of hand-lacer as:

732.687–034 LACER (sports equip.) hand lacer.

Laces footballs, punching bags, or baseball gloves and mitts, using lacing needle and awl: Pushes end of fabric,

plastic, or leather lace through eyelets of article with awl or lacing needle. Pulls lace through eyelet. Repeats operation and ties and cuts lace after article is laced as specified.

It defines the duties of a pencil inspector as:

733.687–062 PENCIL INSPECTOR (pen & pencil) pencil sorter.

Examines wooden pencil slats, wood-cased ball point pens, or painted wooden pencils for defects, such as dents, misplaced lead, scratches, or split ends. Trims slivers from around *ferrules* or wooden pencils, using knife. Sorts and marks defective pencils. May maintain production records.

The Dictionary of Occupational Titles differs from expert vocational testimony in many ways. The Dictionary does not define the occupations of hand-lacer and pencil inspector as repetitive, low-stress jobs. Nor does the dictionary describe the particular skills or qualifications needed for the positions. It also fails to identify the unique requirements of the positions, such as the pace at which one must work or the environment in which the work is performed. Instead, it simply gives a general description of the duties involved. The fact that Fields may be able to inspect a pencil or lace a football does not necessarily mean she can function as a pencil inspector or hand-lacer. The ALJ's determination that Fields can perform those jobs is mere speculation.

█ This Circuit's precedent requires that when the guidelines are inapplicable, as they are in this case, the Secretary must use the services of a vocational expert or present similar evidence. *See, e.g., Ghorman*, No. 85–3444, slip op. at 10–11 (5th Cir. Jan. 21, 1986) [782 F.2d 1038 (table)]; *Lawler*, 761 F.2d at 198. Because the Secretary did

not produce expert vocational testimony or similar evidence for its conclusion that Fields could perform certain jobs, its decision is not based on substantial evidence.[1] The judgment of the district court is VACATED and the case is REMANDED to the Secretary to produce expert vocational testimony.

---

1. In addition, Fields claims that the Secretary erred in not finding that Fields' mental impairment is medically equivalent to the impairment detailed in section 12.03 of the Appendix I Listing of Impairments. We conclude that the Secretary's decision that Fields' impairment was not equivalent to the section 12.03 listing was supported by substantial evidence. Fields also claims that her case should be remanded for consideration under the new mental impairment regulations. *See* Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 5(b)(1)–(3), 1985 U.S.Code Cong. & Ad.News (98 Stat.) 1801 (to be codified at 42 U.S.C. §§ 401–1381). Because we remand this case to the Secretary to produce expert vocational testimony, we need not decide this question.