IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-41262
Summary Calendar

_____

IRMA G. GARCIA,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL
SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CV-117
_____

June 8, 2000

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Irma G. Garcia appeals the affirmance of the denial of her application for

Supplemental Security Income, contending that the Administrative Law Judge erred in

assessing her credibility regarding her ability to work. She maintains that the ALJ

misstated her daily-living activities and erroneously relied on those activities and on her

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

demeanor at the hearing in making the credibility assessment. Although the ALJ did err in finding that Garcia performed all of her own housework, the record contains substantial evidence to support the ALJ's assessment that Garcia's daily activities belie an ability to work.[1] Further, it was entirely appropriate for the ALJ to consider Garcia's daily-living activities and her demeanor at the hearing as factors in assessing her credibility.[2]

Garcia contends that the ALJ's hypothetical example to the vocational expert erroneously failed to take into account her persistent dizziness, which limits her productivity, and her obesity and fatigue, which result in significant limitations in her ability to lift, sit, stand, and walk. There is substantial evidence to support the ALJ's rejection of Garcia's asserted limitations. The challenged hypothetical example was not improper.[3]

Garcia further attacks as inconsistent the ALJ's findings that she was restricted from exposure to hazardous machinery, but that she could return to her job as a vegetable sorter, which requires working around a moving conveyor belt. In light of the testimony of the vocational expert that a claimant restricted from working with hazardous machinery could perform work as a vegetable sorter, the record contains substantial evidence to support the ALJ's finding that Garcia was capable of performing her past relevant work as vegetable sorter.

---

[1]See Bowling v. Shalala, 36 F.3d 431 (5th Cir. 1994).

[2]Leggett v. Chater, 67 F.3d 558 (5th Cir. 1995); see also Villa v. Sullivan, 895 F.2d 1019 (1990).

[3]Bowling, 36 F.3d at 434.

Garcia next contends that the ALJ should have found her disabled under Grid Rule 201.17 of the Medical-Vocational Guidelines. As the Medical-Vocational Guidelines become relevant, however, only upon a finding that the claimant cannot perform her past relevant work, the ALJ did not err in failing to apply the Medical-Vocational Guidelines.[4]

Finally, there is no merit to Garcia's contention that the ALJ failed to consider the report of Dr. Luis M. Benavides. The doctor's medical report is specifically addressed in the ALJ's opinion.

The judgment appealed is AFFIRMED.

---

[4]Fields v. Bowen, 805 F.2d 1168 (5th Cir. 1986).

3