Manuel **GUILLEN, JR.,** Plaintiff,

v.

Michael J. **ASTRUE,** Commissioner of the Social Security Administration, Defendant.

No. **EP–07–CV–256–DB.**

United States District Court, W.D. Texas, El Paso Division.

Oct. 28, 2008.

Cheryl L. Langston, Law Office, Forney, TX, for Plaintiff.

Harold E. Brown, Jr., Assistant U.S. Attorney, San Antonio, TX, for Defendant.

## *MEMORANDUM OPINION & ORDER APPROVING AND ADOPTING REPORT & RECOMMENDATION*

DAVID BRIONES, District Judge.

On this day, the Court considered a "Report and Recommendation of the Magistrate Judge" ("R & R") filed in the above-captioned cause by United States Magistrate Judge Michael S. McDonald ("Judge McDonald") on September 18, 2008.[1] Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("the Commissioner"), requested review of Judge McDonald's R & R. Judge McDonald recommends that the Commis-

---

**1.** The case was referred to Judge McDonald for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C to the Local Court Rules for this district.

sioner's decision be remanded for further a question. For the reasons stated below, the Court will accept and adopt me R & R and remand the Commissioner's decision for further administrative proceedings.

## BACKGROUND

On January 21, 2003, Plaintiff filed applications for Title II and Title XVI disability insurance benefits, alleging onset of disability on November 11, 2002. Plaintiff's applications were denied initially and again on reconsideration. A hearing was held on April 15, 2004, before an Administrative Law Judge ("ALT"), and Plaintiff appeared and was represented by counsel. The ALJ denied the application, and Plaintiff entered a timely request for review. On December 10, 2004, the Social Security Appeals Council ("Appeals Council") remanded Plaintiff's applications for a supplemental hearing. On June 9, 2005, Plaintiff appeared with counsel at a second hearing before an ALJ. The ALJ issued an unfavorable decision, for which Plaintiff again entered a timely request for review. On August 3, 2006, the Appeals Council remanded the matter for another supplemental administrative hearing. This final hearing occurred on December 5, 2006, by video, and Plaintiff appeared and was represented by counsel. On February 6, 2007, the ALJ issued an unfavorable decision. On May 11, 2007, the Appeals Council denied Plaintiff's request for review, thereby affirming the ALJ's decision as the final decision of the Commissioner.

The instant Complaint was filed on July 25, 2007, seeking judicial review of the Commissioner's decision. The Commissioner filed an Answer on January 2, 2008.[2] On May 12, 2008, Plaintiff filed a Brief in Support of Claim presenting two

(2) grounds for review: (1) that the ALJ failed to properly consider the opinion of Plaintiff's treating physician, and (2) that the ALJ erred in finding that Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. Specifically, Plaintiff argued that the vocational expert ("VE") listed alternative work for Plaintiff in response to hypothetical questions that failed to include Plaintiff's postural limitations. Thus, Plaintiff argued that the Commissioner failed to carry his burden of establishing that Plaintiff can perform other work in the national economy. On June 11, 2008, the Commissioner filed a Brief in Support of the Commissioner's Decision.

On September 18, 2008, Judge McDonald issued an R & R, remanding the Commissioner's decision. Judge McDonald found that the ALJ relied on the testimony of the VE to conclude that Plaintiff could perform a full range of light work. However, Judge McDonald found that the VE's testimony was based on a faulty hypothetical that did not include Plaintiffs nonexertional limitations. Due to this error, Judge McDonald recommended remanding the instant action for further administrative proceedings. On September 29, 2008, the Commissioner objected to the R & R, arguing that remand was unnecessary because Plaintiff had not shown that the ALJ's error prejudiced Plaintiff. On October 14, 2008, Plaintiff responded, arguing that the ALJ's error was a legal error and therefore reversible without a showing of prejudice.

## STANDARD

■ A district court must review a magistrate judge's report and recommendation in light of any objection thereto filed. *See*

---

2. The Commissioner filed a Motion to Dismiss for Lack of Jurisdiction on September 28, 2007. On October 24, 2007, the Commissioner filed an unopposed Motion to Withdraw

the Motion to Dismiss. Judge McDonald held a hearing on the matter on October 29, 2007, and granted the Motion to Withdraw the Motion to Dismiss.

28 U.S.C.A. § 636(b)(1) (West 2006). The Court must conduct a de novo review of any portion to which any party files an objection. 28 U.S.C.A. § 636(b)(1); FED. R. CIV. P. 72(b)(3); see Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). As to any portion for which no objection is filed, the Court reviews for clearly erroneous factual findings and conclusions of law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.1989).

## DISCUSSION

■ In the instant case, the Commissioner objects to the R & R on the ground that Judge McDonald erred by not requiring a showing of prejudice before recommending that the case be remanded. Plaintiff responds that a finding of prejudiced unnecessary as reliance on a faulty hypothetical question is sufficient grounds for dismissal or remand. The Court reviews de novo those portions of Judge McDonald's R & R to which objections are made.[3] See 28 U.S.C.A. § 636(b)(1). After reviewing Defendant's Motion and Judge McDonald's R & R, the Court finds that Judge McDonald adequately addressed Defendant's Motion and properly applied the law thereto.

■ A five-step sequential analysis is employed in evaluating a disability claim. Anderson v. Sullivan, 887 F.2d 630, 632 (5th Cir.1989). " 'A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis.' " Greenspan v.

Shalala, 38 F.3d 232, 236 (5th Cir.1994) (quoting Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir.1987)). Furthermore, "an individual claiming disability insurance benefits under the Social Security Act has the burden of praying her disability." Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983). Thus, the claimant initially carries the burden of proof. Anderson, 887 F.2d at 632. However, if after proceeding through the first four (4) steps, the claimant shows that he is unable to return to his past work, then the burden shifts to the Commissioner to meet the fifth and final step. Id. If the Commissioner adequately points to potential alternative employment, then the burden shifts back to the claimant to prove that he is unable to perform the alternate work. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988).

First, it is determined whether the claimant is engaged in substantial gainful activity.[4] 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, then the claimant is found not disabled. 20 C.F.R. § 404.1520(a)(4)(i). Second, the severity of the claimant's impairments is determined. 20 C.F.R. § 404.1520(a)(4)(ii). If found to be severe, then, in the third step, the severity of claimant's impairments is compared to a list of impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments meet or equal the listed impairments, then the claimant is disabled 20 C.F.R. § 404.1520(a)(4)(iii). Otherwise, the claimant's residual functional capacity ("RFC") is assessed.[5] 20 C.F.R.

---

**3.** The R & R did not address Plaintiff's first argument, that the ALJ did not properly consider the opinion of Plaintiff's treating physician. Since the only objections raised to the R & R concern the faulty hypothetical, and the Court finds that the Commissioner's decision must be remanded for reconsideration thereto, the Court does not address thee ALJ's consideration of the treating physician's opinion. See 28 U.S.C.A. § 636(b)(1).

**4.** "Substantial gainful activity means work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit" 20 C.F.R. § 404.1510.

**5.** RFC is the most physical activity a claimant can do in a work setting based on her impairments and assessed according to all relevant evidence in the case record. 20 CF.R. § 404.1545(a)(1).

§ 404.1520(a)(4). Once a claimant's RFC has been assessed, it is determined in the fourth step whether the claimant can still perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If capable of performing his past work, then the claimant is found not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is not capable of performing his past work, then, fifth, the claimant's ability to adjust to other work is determined in light of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If capable of such an adjustment, the claimant is found not disabled; if incapable, the claimant is found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

Here, the ALJ found that Plaintiff met the inquiry at the first four (4) steps. Plaintiff is not engaged in substantial gainful activity. He suffers from severe impairments due to diabetes, hepatitis C, lumbar degenerative changes, and a history of Achilles heel tendonitis. Plaintiff can perform "occasional" postural activities: climbing, balancing, stooping, kneeling, crouching, and crawling. Further, Plaintiff's limitations are both exertional and nonexertional, his impairments do not meet any listing, and he has an RFC to perform a limited range of "light work." Accordingly, Plaintiff cannot perform his past work as a concrete finisher. The contention in this case lies in the fifth step of the analysis, wherein the ALJ determined that alternative work existed for Plaintiff in significant numbers in the national economy.

■■■ At the fifth step, if an ALJ "determines that a claimant suffers from a nonexertional impairment that prevents

[him] from performing [his] past work and the full range of other available work, the Secretary must produce expert vocational testimony or other similar evidence to establish that jobs exist in the national economy that the applicant can perform." *Fields v. Bowen,* 805 F.2d 1168, 1170 (5th Cir.1986) (internal quotation omitted). The Secretary cannot rely on the Dictionary of Occupational Titles ("DOT") instead of VE testimony, because the DOT "is not 'similar evidence' and thus cannot satisfy the Secretary's burden." [6] *Id.* An ALJ can only rely on the testimony of a VE if the hypothetical question posed by the ALJ "incorporate[s] reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question," *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994). If an ALJ's decision is based on the VE's response to a defective hypothetical question, the decision is not substantially justified, *Boyd v. Apfel,* 239 F.3d 698, 708 (5th Cir.2001), and, upon review, the court is "constrained to vacate and to remand" due to this reversible error. *Bowling,* 36 F.3d at 438; *see Boyd,* 239 F.3d at 708.

In *Boyd v. Apfel,* the ALJ reached the fifth step and based his decision on the VE's response to a hypothetical question that failed to incorporate all of Boyd's acknowledged mental limitations. 239 F.3d at 707. The Commissioner argued that remand would be "a waste," assuming that the ALJ would still deny Boyd benefits because of evidence in the record that Boyd's mental limitations were due to alcoholism, a finding which would negate a disability award. *Id.* Nevertheless, the

---

**6.** The Fifth Circuit has explained that the DOT "is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel,* 230 F.3d 131, 145 (5th Cir.2000). Thus, "the DOT job de-

scriptions should not be given a role feat is exclusive of more specific vocational expert testimony with respect to fee effect of an individual claimant's limitations on his or her ability to perform a particular job." *Id.*

United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") found that the Commissioner's assumption was "speculation that lies beyond the scope of appellate review." *Id.* at 707–08. The Fifth Circuit remanded without finding that Boyd had been prejudiced by the ALJ's error. *See id.* at 708. Rather, the Fifth Circuit found that the ALJ did not carry his burden "to develop the facts fully and fairly relating to an applicant's claim for disability benefits," and, therefore, his decision was not substantially justified. *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir.2000) (internal quotation omitted)).

■ The instant case is similar to that of *Boyd.* Since postural limitations are nonexertional limitations, 20 C.F.R. § 404.1569a(c)(vi), testimony by a VE or other similar evidence is required in order for the ALJ to determine whether alternative employment for Plaintiff exists in significant numbers in the national economy. *See Fields,* 805 F.2d at 1170. Here, both Plaintiff and Defendant agree that the ALJ posed faulty hypothetical questions to the VE that failed to include Plaintiff's postural limitations.[7] The ALJ then based his finding that Plaintiff is not disabled on the VE's testimony. As such, the ALJ did not carry his burden by fully and fairly developing the facts relating to Plaintiff's claim for disability insurance benefits. *See Boyd,* 239 F.3d at 708. Additionally, the Commissioner did not carry his burden to show that jobs Plaintiff can perform exist in significant numbers in the national economy. *Anderson,* 887 F.2d at 632. Further, this Court will not base its decision solely on the DOT when the Fifth Circuit has expressly stated that, in the case of nonexertional limitations such as Plain-

tiff's, an ALJ cannot base his decision on the DOT in lieu of a VE's testimony. *See Fields,* 805 F.2d at 1170. The Court will not speculate that the ALJ would reach the same conclusion in this case based on different evidence. In short, since posing the incorrect hypothetical question is reversible error, Plaintiff need not show prejudice. *See Boyd,* 239 F.3d at 708; *Bowling,* 36 F.3d at 436. Accordingly, the Court finds that the instant case was properly remanded.

### CONCLUSION

Contrary to the Commissioner's suggested analysis, the ALJ committed reversible error in the instant case. The ALJ determined that Plaintiff could perform other work that exists in significant numbers in the national economy based on VE testimony in response to a faulty hypothetical question. Thus, the Court is of the opinion that Judge McDonald's R & R is correct and should be adopted.

Accordingly, **IT IS HEREBY OR-DERED** that United States Magistrate Judge Michael S. McDonald's Report and Recommendation filed in the instant cause on September 18, 2008, is **APPROVED** and **ADOPTED.**

**IT IS FURTHER ORDERED** that the Commissioner's denial of benefits is hereby **REMANDED.**

**IT IS FINALLY ORDERED** that the above-captioned case is **DISMISSED.**

### *REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE*

MICHAEL S. McDONALD, United States Magistrate Judge.

This is a civil action seeking judicial review of an administrative decision of the

---

**7.** Indeed, the ALJ recognized that he had not yet determined Plaintiff's RFC at the time he asked the VE questions as he was awaiting updated medical information. Thus, the ALJ posed three (3) hypothetical questions to the VE, none of which included Plaintiff's postural limitations.

Commissioner of the Social Security Administration (hereinafter "Commissioner" and "SSA" respectively) denying Title II and Title XVI disability insurance benefits to Plaintiff Manuel Guillen, Jr.

### PROCEDURAL HISTORY

Plaintiff filed his applications for Title II and Title XVI benefits on January 21, 2003. **R. at pp. 196, 340.** Plaintiff alleged an onset date of disability of November 11, 2002, which was the last date Plaintiff was able to engage in gainful activity. Plaintiff's applications were denied on April 25,- 2003.[1] **R. at pp. 150, 345.** The applications were denied on reconsideration on July 30, 2003. **R. at pp. 160, 352.** A hearing request was timely made on August 12, 2003. **R. at p. 164.**

The first hearing was held on April 15, 2004 in El Paso, Texas. Plaintiff was represented at the administrative hearing. **R. at p. 44.** The hearing was held before Administrative Law Judge (ALJ) David R. Wurm. *Id.* ALJ Wurm issued an unfavorable decision on August 13, 2004. **R. at p. 116.** Plaintiff entered a timely request for review by the Social Security Appeals Council. The Appeals Council remanded on December 10, 2004, for a supplemental hearing because the severity of Plaintiff's impairments (past lumbar surgery) was unclear; Plaintiffs credibility was not properly determined; no vocational evidence was in the record regarding the extent of Plaintiff's limitations erode the occupational base for medium work; the substantial gainful activity issue is unclear because there is conflicting evidence; Plaintiff's insured status was not properly determined. **R. at pp. 182–183.** A second administrative hearing was held on June 9, 2005, in El Paso, Texas by ALJ Barbara Perkins. **R. at pp. 34, 62–83.** Plaintiff was represented by counsel. **R. at p. 62.**

ALJ Perkins issued an unfavorable decision on April 28, 2006. **R. at p. 130.** Plaintiff requested a review by the Appeals Council and the Council remanded the matter for another supplemental administrative hearing in their order of August 3, 2006. **R. at p. 147.** On December 5, 2006, the third hearing was done by video where Plaintiff appeared in El Paso, Texas while ALJ Ben Willner presided over the hearing from Albuquerque, New Mexico. **R. at p. 84.** ALJ Willner issued and unfavorable decision on February 6, 2007. **R. at p. 16.** Plaintiff timely requested for review of the hearing decision which the Appeals Council denied on May 11, 2007. **R. at p. 7.**

Plaintiff having exhausted his administrative remedies, filed his request for judicial review with the United States District Court for the Western District of Texas, El Paso Division on July 25, 2007. The case was assigned to United States District Judge David Briones.

Judge Briones referred the case to this court for a report and recommendation. On September 28, 2007, Defendant filed a motion to dismiss for lack of jurisdiction and a hearing was held on October 29, 2007, to hear the matter. On October 24, 2007, Defendant filed an unopposed motion to withdraw the motion to dismiss and on October 29, 2007, the motion to withdraw was granted. On January 3, 2008, this court entered an order directing Plaintiff to file his brief no later than February 5, 2008 and that Defendant respond to said brief by March 5, 2008. After granting an extension of time request, Plaintiff filed his brief in support of motion for summary judgment on May 12, 2008 and Defendant filed a brief on June 11, 2008.

---

1. Dates were obtained from the record (List of Exhibits). These dates may vary from sig-nature dates on the documents in some instances.

## ISSUES

Plaintiff's claims are as follows: (1) whether the ALJ failed to consider the opinion of Plaintiff's treating physician; (2) whether the ALJ erred in finding that Plaintiff retained the ability to perform other work existing in significant numbers in the national economy.

## STANDARD OF REVIEW

■ This court's review of the Commissioner's final decision is limited to whether it is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir.2001) (*citing Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994)) (in turn *citing* 42 U.S.C. §§ 405(g), 1383(c)(3)).

■ Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Myers*, 238 F.3d at 619; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir.2000). In applying this standard, this court may review the record to determine whether the evidence is present *Myers*, 238 F.3d at 619. This court is not to reweigh the evidence, try the issues *de novo* or substitute its judgment for that of the Commissioner. *Id.*; *Newton*, 209 F.3d at 452. If there is conflicting evidence, the issue is properly decided by the Commissioner, not the court. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).

■ While the standard is high, a finding of "no substantial evidence" may be made when there is a conspicuous absence of credible choices or no contrary medical evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983). However, "the substantial evidence test does not involve a simple search of the record for isolated bits of evidence which support the Secretary's decision. We must consider the record as a whole, and the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir.1986) **(citations omitted)**. The Court has the power to enter, upon the pleadings and transcript of the record, judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for rehearing.

Disability claims such as the one in this case are evaluated according to a five-step process set forth in 20 C.F.R. § 404.1520, and in the case law interpreting those provisions as follows:

1. the claimant must not be presently working at any substantial gainful activity;

2. claimant must have an impairment or combination of impairments that are severe;

3. the impairment(s) must meet or equal an impairment listed in the appendix 1 of the Regulations;

4. the impairment must prevent claimant from doing past relevant work; and

5. the impairment prevents claimant from doing any other work.

*Myers*, 238 F.3d at 619; *Newton*, 209 F.3d at 452–453; *Crowley v. Apfel*, 197 F.3d 194, 197–198 (5th Cir.1999). A finding that a given claimant is not disabled at any point in the analysis is conclusive and terminates the Commissioner's analysis. **20 C.F.R. § 404.1520(a)**[2]; *see Greenspan*, 38 F.3d at 236. The first step involves a determination by the ALJ as to whether the claimant is presently engaged in substantial gainful activity. **20 C.F.R. § 404.1520(a)**. If this is so, the claimant is

2. In this opinion, the court refers to the Code of Federal Regulations revised on April 1, 2007, which was in effect when the ALJ's opinion was signed

to be found not disabled, irrespective of that claimant's age, education, medical condition, or work experience. *Id.* Under the second step of the evaluation, a determination is made as to whether the claimant's impairment is severe. If not, the claimant is considered not disabled. In the third step, the severe impairment is compared to a list of specific, defined impairments contained in the regulations. If the claimant's impairment meets or exceeds a listed impairment, he is deemed disabled irrespective of age, education, and work experience considerations. If the impairment is not on the list, the fourth step requires a review of the claimant's residual functioning capacity and the demands of his past work. If the claimant can still do the same kind of work, he will not be considered disabled. If claimant cannot perform his past work, the fifth and final step is employed to evaluate the claimant's ability, given his age, education, work experience, and residual capacities to do other work. If claimant cannot do other work, he will be found disabled

▮ The burden of proving a medically determinable physical or mental impairment lasting at least twelve months that prevents engaging in substantial gainful activity is on the claimant *Myers,* 238 F.3d at 619; *Newton,* 209 F.3d at 452; *Crowley,* 197 F.3d at 197. Substantial gainful activity is work activity involving significant physical or mental abilities for pay or profit. **20 CF.R. § 404.1572(a) and (b);** *Newton,* 209 F.3d at 452–453.

▮ An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Crowley,* 197 F.3d at 197. The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step to show there is other gainful employment the claimant can perform despite the existing impairments. *Myers,* 238 F.3d at 619; *Crowley,* 197 F.3d at 198.

### FACTS

The Plaintiff is fifty years old and has an eighth grade education. **R. at pp. 92–94, 102, 196.** Plaintiff can communicate in English. **R. at p. 94.** The Plaintiff's work history includes work as a cement finisher. **R. at pp. 95, 213, 225–228.** Plaintiff claims he has not worked since November 11, 2002, due to back surgery, Achilles tendon on both ankles, shoulders, knees, wrist, diabetes, and hepatitis **C.R. at pp. 92, 96–97, 99–100, 212, 236, 245, 276, 278, 326.** Plaintiff's impairments include diabetes, hepatitis C, lumbar degenerative changes, and a history of Achilles heel tendonitis. **R. at p. 21.**

### ANALYSIS

**I. Hypothetical Question**

Plaintiff claims that the ALJ erred in his finding that he retains the ability to perform other work because the hypothetical question posed to the Vocational Expert (VE) did not include Plaintiff's postural activities limitations. **Pl.['s] Br. at pp. 7–9.**

▮ A hypothetical question is defective and will not be allowed to stand *unless* it reasonably incorporated all of the disabilities recognized by the ALJ, "and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question)" *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir.1994). The VE in the present case testified that she reviewed the evidentiary record and heard the testi-

mony. **R. at p. 108.** The assumptions presented by the ALJ to the VE in this case reasonably incorporated all of the disabilities recognized by the ALJ except for Plaintiff's postural activities limitation.

In this case, the ALJ reached his decision at step five of the sequential evaluation process. **R. at p. 23.** The ALJ found that Plaintiff suffered from diabetes, hepatitis C, lumbar degenerative changes, and a history of Achilles heel tendonitis, but that he did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, of 20 C.F.R. Part 404. **R. at p. 21.** The ALJ found that although Plaintiff was unable to return to his past relevant work, he retained the RFC to perform a limited range of light work, subject to balance limitation (avoid exposure to unprotected heights or dangerous machinery). **R. at p. 23.** The ALJ relied on the testimony of the VE to conclude that although the Plaintiffs exertional limitations do not allow him to perform the full range of light work, there are significant number of jobs in the national economy which Plaintiff could perform (*i.e.,* final assembler, arcade attendant, assembler). **R. at pp. 23–25, 109–110.** It is this court's opinion that this finding is based on a faulty hypothetical to the VE.

The ALJ noted Plaintiff has a limited education and found no transferable skills. **R. at pp. 23, 109.** Further, the ALJ did find that Plaintiff could perform "occasional" postural activities. R. at p. 23. Postural activities include climbing, balancing, stooping, kneeling, crouching and crawling. **SSR 85–15; R. at p. 261.** The ALJ's hypothetical question to the VE did not reflect Plaintiff's postural activities limitation. **R. at pp. 109–112.** The hypothetical does not advise the VE that Plaintiff can only occasionally perform postural activities.

A hypothetical question to a VE is deemed defective and in error unless (1) the assumptions reasonably incorporate all of the disabilities recognized by the ALJ, and (2) the claimant is afforded the opportunity to correct deficiencies in the ALJ's question. *Boyd v. Apfel,* 239 F.3d 698, 707 (5th Cir.2001); *Bowling,* 36 F.3d at 436. Part one of the test is not met here because the ALJ's hypothetical question to the VE did not include Plaintiffs postural limitations. As the first prong of the test is not met, the second prong need not be addressed even though Plaintiffs attorney was afforded the opportunity to correct any defect in the hypothetical concerning Plaintiff's postural activities. **R. at pp. 111–113.** *Boyd,* 239 F.3d at 707 (noting that *Bowling* did not hold that a party's failure to point out the problems in a defective hypothetical automatically salvages that hypothetical as a proper basis for a determination of non-disability). Only where the testimony by the VE is based on a correct account of a claimant's qualifications and restrictions, may an ALJ properly rely on the VE's testimony and conclusion. Unless there is evidence in the record to adequately support the assumptions made by a VE, the opinion expressed by the VE is meaningless. *Bowling,* 36 F.3d at 436. Therefore, this court is of the opinion that the ALJ's determination that Plaintiff is not entitled to disability benefits should be remanded due to the defective hypothetical posed to the VE during the administrative hearing on December 5, 2006.

## CONCLUSION

Based on the foregoing, it is the RECOMMENDATION of this court that the Commissioner's decision be REMANDED for further administrative proceedings for a proper hypothetical question.

SIGNED and ENTERED this 18th day of September, 2008.

### *FINAL JUDGMENT*

On this day, the Court entered a Memorandum Opinion & Order Approving and Adopting Report & Recommendation, remanding the above-captioned cause for further administrative proceedings. The Court now enters Final Judgment pursuant to Federal Rule of Civil Procedure 58.

Accordingly, **IT IS HEREBY ORDERED** that the above-captioned cause is DISMISSED.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED AS MOOT.**